UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

 

------------------------------------------------------------x
JUAN CARLOS GONZALEZ, on behalf of himself
and all others similarly situated,

                Plaintiff,

        v.

ABC CORP., D/B/A GOLDEN HOUSE
RESTAURANT, KEIJU CHEN, and JOHN DOES
#1-10,

                Defendants.
------------------------------------------------------------x

**DECISION AND ORDER**
18-CV-7302

**WILLIAM F. KUNTZ, II United States District Judge:**

For the reasons set forth below, the Court dismisses this action without prejudice for failure to prosecute.

### Background

On December 21, 2018, Juan Carlos Gonzalez, on behalf of himself and all others similarly situated ("Plaintiff"), filed a Complaint in this Court against ABC Corp. d/b/a Golden House Restaurant, Kejiu Chen, and John Does #1-10 (collectively, "Defendants") alleging violations of the Fair Labor Standards Act and the New York Labor Law. Compl., ECF No. 1. Defendant ABC Corp. filed an Answer to the Complaint on January 24, 2019. ECF No. 9.

On July 18, 2019, counsel for Plaintiff made a motion to withdraw as attorney for Plaintiff. ECF No. 14. A hearing on the motion to withdraw was scheduled before the Honorable Magistrate Judge Sanket J. Bulsara on September 3, 2019. Plaintiff was ordered to attend the hearing in person. Plaintiff failed to appear.

Following the withdrawal of Plaintiff's counsel, Magistrate Judge Bulsara ordered Plaintiff to appear in the case via counsel or provide an indication to the Court that he intends to

1

prosecute this case by October 25, 2019. Plaintiff was served with a Spanish translation of Magistrate Judge Bulsara's order on September 9, 2019. ECF No. 17. To date, Plaintiff has not appeared in this case via counsel or provided an indication to the Court that he intends to prosecute this case.

## Discussion

Rule 41(b) of the Federal Rules of Civil Procedures provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Because dismissal for failure to prosecute is a "harsh remedy" for "extreme situations," *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)), the Court considers five factors:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The Court considers the record of the entire case as a whole, with no one factor being dispositive. *See id.*

By failing to comply with the order directing him to appear via counsel or indicate his intent to prosecute this case, Plaintiff has failed to pursue his claim. Considering the five factors in light of the record of this case, the Court finds dismissal for failure to prosecute an appropriate remedy. Accordingly, the above-captioned action is hereby DISMISSED without prejudice for

failure to prosecute pursuant to Rule 41(b). The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: February 6, 2020
      Brooklyn, New York

3